1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

RICHARD ARTHUR KIRKHAM,

8                          Plaintiff,                    Case No. C24-1625-DGE-SKV

9          v.                                            ORDER DIRECTING SERVICE OF
                                                         CIVIL RIGHTS COMPLAINT
10    CITY OF BELLINGHAM, et al.,

11                          Defendants.

12

13        This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding

14   with this action *pro se* and *in forma pauperis*.  The Court, having reviewed Plaintiff's Complaint,

15   Dkt. 4, and response to the Court's Order to Show Cause, Dkts. 7 & 9, hereby ORDERS as follows:

16        (1)    <u>Service by Clerk</u>

17        The Clerk is directed to send the following to all of the individual named Defendants[1] by

18   first class mail:  a copy of plaintiff's complaint, a copy of this Order, two copies of the notice of

19   lawsuit and request for waiver of service of summons, a waiver of service of summons, and a

20   return envelope, postage prepaid, addressed to the Clerk's Office.

21
22
23

---

[1] The Clerk is also directed to correct the docket by removing "Bellingham Police Department" as a separate Defendant.  *See* Dkt. 4 at 1-2 (naming as a Defendant "Bellingham Police Department Chief Rebecca Mertzig").

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 1

1

(2)    <u>Response Required</u>

2    Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of

3    service of summons.  A defendant who timely returns the signed waiver shall have **sixty (60) days**

4    after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a

5    motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

6    A defendant who fails to timely return the signed waiver will be personally served with a

7    summons and complaint, and may be required to pay the full costs of such service, pursuant to

8    Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally served

9    shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

10    (3)    <u>Filing and Service by Parties, Generally</u>

11    All attorneys admitted to practice before this Court are required to file documents

12    electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website,

13    www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

14    All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original

15    with the Clerk.  All filings, whether filed electronically or in traditional paper format, must indicate

16    in the upper right hand corner the name of the magistrate judge to whom the document is directed.

17    Any document filed with the Court must be accompanied by proof that it has been served

18    upon all parties that have entered a notice of appearance in the underlying matter.

19    (4)    <u>Motions, Generally</u>

20    Any request for court action shall be set forth in a motion, properly filed and served.

21    Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

22    part of the motion itself and not in a separate document.  The motion shall include in its caption

23

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 2

1  (immediately below the title of the motion) a designation of the date the motion is to be noted for

2  consideration upon the Court's motion calendar.

3      The motion shall be noted in accordance with LCR 7(d).  Motions including stipulated

4  and agreed motions, motions to file over-length motions or briefs, motions for reconsideration,

5  joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions for

6  default, requests for the clerk to enter default judgment, ex parte motions, motions to recuse, and

7  motions for a temporary restraining order shall be noted for consideration on the day they are

8  filed.  LCR 7(d)(1).  Other non-dispositive motions shall be noted for consideration no earlier

9  than 21 days from the date of filing.  LCR 7(d)(3).  All dispositive motions, and motions such as

10  a motion seeking a preliminary injunction or a motion directed toward changing the forum, shall

11  be noted for consideration no earlier than 28 days after filing.  LCR 7(d)(4).

12      For electronic filers, any opposition to a non-dispositive motion shall be filed and

13  received by the moving party no later than 15 days after the filing date of the motion, and any

14  reply shall be filed and received by the opposing party no later than 21 days after the filing date

15  of the motion.  LCR 7(d)(3).  Any opposition to a dispositive motion by an electronic filer shall

16  be filed and received by the moving party no later than 21 days after the filing date of the motion

17  and any reply shall be filed and received by the opposing party no later than 28 days after the

18  filing date of the motion.  LCR 7(d)(4).

19      If a party (i.e. a *pro se* litigant and/or prisoner) serves an opposition by mail, the deadline

20  for filing and serving such opposition shall be 3 days earlier than the deadlines provided in LCR

21  7(d)(3) and 7(d)(4).

22      ///

23      ///

1

       (5)   <u>Motions to Dismiss and Motions for Summary Judgment</u>

2

      Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil

3

Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

4

Procedure should acquaint themselves with those rules. As noted above, these motions shall be

5

noted for consideration no earlier than 28 days after filing.

6

      Defendants filing motions to dismiss or motions for summary judge are advised that they

7

MUST serve a *Rand* notice concurrently with motions to dismiss and motions for summary

8

judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is

9

required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir.

10

2012). The Ninth Circuit has set forth model language for such notices:

11

        A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

12

13

        Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

14

15

16

17

18

19

20

21

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to

22

file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's

23

calendar with leave to re-file.

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 4

(6)    Junior Attorneys

The Court encourages opportunities for junior attorneys and Rule 9 licensed legal interns (accompanied and supervised by a more experienced attorney) to appear and argue in Court. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court may permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

(7)    Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(8)    The Clerk is directed to send copies of this Order and of the Court's *pro se* instruction sheet to plaintiff. The Clerk is further directed send a copy of this Order and a courtesy copy of plaintiff's complaint to the City of Bellingham City Attorney, by first-class mail.

Dated this 29th day of January, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 5