1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

RICHARD ARTHUR KIRKHAM,

8                        Plaintiff,

9        v.

10   CITY OF BELLINGHAM, et al.,

11                       Defendants.

12

Case No. C24-1625-DGE-SKV

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL AND
ORDER OF INDIGENCY AND
RENOTING MOTION FOR
INJUNCTION

13       Plaintiff, proceeding pro se in this 42 U.S.C. § 1983 civil rights action relating to events

14   surrounding his arrest by the Bellingham Police Department, *see* Dkt. 4, filed a Motion for

15   Appointment of Counsel, Order of Indigency, and Injunction, Dkt. 12.  Now, having considered

16   the motion, the Court finds as follows:

17       (1)      In his motion, Plaintiff indicates his inability to afford counsel and his indigency.

18   Dkt. 12.  Plaintiff states that, while he "can clearly articulate his claims to this Court pro se," he

19   is unable to access and preserve evidence, protect himself, or communicate with experts or with

20   the Court in any way other than writing.  *Id*. at 3.  Plaintiff further asserts that exceptional

21   circumstances warranting the appointment of counsel exist because, *inter alia*, evidence exists

22   proving his claim of excessive force during his arrest, his access to the court is hindered due to

23   unrelated phone restrictions, evidence related to his case has been tampered with and replaced

1  with "'deep fake'" footage, he fears for his safety, and he cannot verify his assertions of altered

2  evidence without the assistance of counsel. *Id*. at 4-6.

3      Plaintiff is advised that there is no right to have counsel appointed in cases brought under

4  § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a

5  party proceeding *in forma pauperis* (IFP), it may do so only upon a showing of exceptional

6  circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of

7  exceptional circumstances requires an evaluation of both the likelihood of success on the merits

8  and the ability of the individual to articulate his claims pro se in light of the complexity of the

9  legal issues involved. *Id*. The Court previously denied a motion from Plaintiff requesting the

10  appointment of counsel, noting he was not proceeding IFP and had not demonstrated exceptional

11  circumstances. Dkt. 8. The Court, for the reasons set forth below, reaches the same conclusion

12  in relation to Plaintiff's second motion seeking the appointment of counsel.

13      A litigant seeking to proceed IFP must file an affidavit that includes a statement of assets

14  and that the person is unable to pay fees. 28 U.S.C. § 1915(a)(1). Pursuant to Local Civil Rule

15  (LCR) 3(c), a party seeking to proceed IFP under 28 U.S.C. § 1915 shall complete the IFP

16  application "approved for use in this district for the specific type of case" and a written consent

17  for payment of costs form. LCR 3(c)(1)-(2). Here, the declaration submitted by Plaintiff in

18  support of his renewed motion for appointment of counsel, Dkt. 13, does not satisfy LCR 3(c) or

19  otherwise provide the information required by the Court for consideration of the request to

20  proceed IFP. Accordingly, Plaintiff's request for an order of indigency, Dkt. 12, is DENIED.

21      Nor does Plaintiff demonstrate exceptional circumstances warranting the appointment of

22  counsel. Plaintiff's incarceration and the associated limitations are not exceptional

23  circumstances. They are, instead, the type of difficulties encountered by many pro se litigants.

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL AND ORDER OF
INDIGENCY AND RENOTING MOTION FOR
INJUNCTION - 2

Also, Plaintiff's submissions to this Court refute any contention that he is unable to articulate his claims pro se.  The Court further finds the record in this matter insufficient to determine whether Plaintiff is likely to succeed on the merits of any of his claims.  The Court, finally, finds insufficient information to consider Plaintiff's allegations regarding evidence tampering, "'deep fake'" footage, and fears for his safety.  For these reasons, Plaintiff's second motion requesting the appointment of counsel, Dkt. 12, is DENIED.

(2)    Plaintiff additionally requests that the Court issue an injunction requiring Defendants to preserve and provide evidence.  The Court, as noted above, finds the information before the Court insufficient to consider Plaintiff's allegations as to evidence tampering and preservation.  The Court also notes that it only recently effectuated service on Defendants and received a notice of appearance of counsel on their behalf.  *See* Dkts. 10-11, 14.  The Court, in the interest of acquiring further information and argument in relation to Plaintiff's allegations, finds a response from Defendants necessary.  Accordingly, Plaintiff's construed motion for preliminary injunctive relief, Dkt. 12, is herein RENOTED for consideration on **March 27, 2025**.  Defendants shall file a response to this motion on or before **March 20, 2025**, and Plaintiff may file a reply on or before **March 27, 2025**.

(3)    The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable David G. Estudillo.  The Clerk is further directed to send to Plaintiff a copy of this Court's IFP Application for Prisoners Filing Civil Complaints with instruction sheet.

Dated this 27th day of February, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL AND ORDER OF
INDIGENCY AND RENOTING MOTION FOR
INJUNCTION - 3