UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD ARTHUR KIRKHAM,

                    Plaintiff,

        v.

CITY OF BELLINGHAM, et al.,

                    Defendants.

Case No. C24-1625-DGE-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Richard Arthur Kirkham proceeds pro se in this 42 U.S.C. § 1983 civil rights action.  Now pending before the Court is Plaintiff's Motion for Injunction.  Dkt. 12.  Defendants oppose the motion.  Dkt. 17.  The Court, having considered the motion, papers filed in support and opposition, and the remainder of the record, recommends Plaintiff's request for injunctive relief be DENIED.

## BACKGROUND

Plaintiff filed this lawsuit while being held as a pretrial detainee at Whatcom County Jail and awaiting trial on unspecified criminal charges pending against him in Whatcom County Superior Court.  *See* Dkts. 1, 4 & 6-1.  He has since been transferred to the Interim Work Center in Bellingham, Washington.  *See* Dkt. 24.

1      Plaintiff raises more than fifty claims against named Defendants City of Bellingham,

2  Bellingham Police Department (BPD) Chief Rebecca Mertzig, Deputy Chief Donald Almer,

3  Sergeant Jeremy Harper, Corporals Shaun Nelson and John Doe Haas, K9 Officer Jeremy

4  Woodward, and Officers Kaige Edgard, Nicolaus Sturlaugson, Steven Longbottom, Dhillon

5  Jobandeep, Avery Lyons, John Doe Bean, and David Johnson.  Dkt. 4.  His claims and requests

6  for relief relate to events leading up to and occurring on the date of his arrest by BPD officers on

7  September 28, 2023.  *See id*. at 16-31.  He alleges, for example, that Defendants falsified reports

8  in order to justify activating a SWAT team to effectuate his arrest, and the use of excessive force

9  resulting in grievous bodily injury and disfigurement.  *See id*.  He requests as relief a declaratory

10  judgment providing that the actions taken in relation to his arrest violated his constitutional

11  rights, an injunction preserving as evidence body camera and police vehicle video and audio

12  recordings and related documents, reports, and text messages, and compensatory and punitive

13  damages.  *Id*. at 28-31.

14      The Court issued an Order to Show Cause, raising questions as to the viability of

15  Plaintiff's proposed claims, and, after Plaintiff submitted a response, served the Complaint on the

16  named Defendants.  Dkts. 7, 10-11.  The Court also twice denied Plaintiffs' motions for

17  appointment of counsel, and directed the filing of a response to the motion for injunctive relief.

18  Dkts. 6, 8, 12 & 15.

19                                      LEGAL STANDARD

20      "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

21  *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  To obtain preliminary injunctive relief, a

22  plaintiff must demonstrate:  (1) a likelihood of success on the merits; (2) a likelihood of suffering

23  irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his

1   favor; and (4) that an injunction is in the public interest.  *Id*. at 20.  Alternatively, "'if a plaintiff

2   can only show that there are serious questions going to the merits – a lesser showing than

3   likelihood of success on the merits – then a preliminary injunction may still issue if the balance

4   of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'"

5   *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoted sources

6   omitted).  Preliminary injunctive relief should not be granted unless a movant, "'*by a clear*

7   *showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

8   (quoted source omitted; emphasis added by Supreme Court).

9           Injunctive relief can be prohibitory or mandatory.  A mandatory injunction "orders a

10  responsible party to take action," while a prohibitory injunction "prohibits a party from taking

11  action and preserves the status quo" while litigation is pending.  *Arizona Dream Act Coal. v.*

12  *Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014) (internal quotation marks and quoted source

13  omitted).  Mandatory injunctions are particularly disfavored, and, in general, "'are not granted

14  unless extreme or very serious damage will result and are not issued in doubtful cases or where

15  the injury complained of is capable of compensation in damages.'"  *Marlyn Nutraceuticals, Inc.*

16  *v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quoted sources omitted).

17  Where a mandatory injunction is sought, a party "must establish that the law and facts *clearly*

18  *favor* her position, not simply that she is likely to succeed."  *Garcia v. Google, Inc.*, 786 F.3d

19  733, 740 (9th Cir. 2015) (en banc).

20                                         <u>DISCUSSION</u>

21          Plaintiff asserts that, on January 24, 2024, he reviewed body worn camera footage of his

22  arrest, and "discovered that unknown Defendants and/or their agents have tampered with,

23  altered, and/or destroyed evidence which prove his claims."  Dkt. 12 at 2; Dkt. 13, ¶¶7, 9.  He

asserts that, while the footage accurately portrays some of the events on the day of his arrest, it has also been "altered using 'deep fake' software and/or video editing software[]" to remove portions of the footage supporting his claim. Dkt. 13, ¶¶10-14. He asserts that the footage nonetheless proves his excessive force claims, that the evidence tampering will be determined through professional examination, that tampering is likely to continue without the Court's intervention, and that he fears for his safety. *See* Dkts. 12-13.

Plaintiff asks for an injunction ordering Defendants and/or their agents to immediately compile and preserve all video footage, police communications, personnel information, and screenshots of file histories, user access, and specific file path designations. Dkt. 12 at 7. He specifically requests that the Court issue an order directing Defendants to "'create new documents.'" Dkt. 25 at 8 ("Plaintiff's requested relief includes requiring Defendants to create screenshots and gather/compile information that is not independently complete, . . . that is, Plaintiff requests Defendants be ordered to 'create new documents.'"). Defendants argue that Plaintiff fails to meet his burden of demonstrating his entitlement to preliminary injunctive relief. The Court, for the reasons discussed below, agrees with Defendants.[1]

In asking that Defendants take specific actions, Plaintiff seeks mandatory injunctive relief. He does not, however, demonstrate that the law and facts clearly favor his position. Further, even if construed as seeking a prohibitory injunction, Plaintiff fails to show either a

---

[1] Amongst other arguments, Defendants deny that any evidence has been altered or tampered with, and assert that the evidence has been maintained in accordance with State and BPD retention policies, that all body worn videos are saved and stored by a third-party company, and that any access to those videos is recorded in an audit log. *See* Dkt. 18, ¶¶3-5, Exs. A-B. Plaintiff argues that the declaration submitted in support of these contentions, *see id.*, should be disregarded because it is not based on firsthand knowledge. The Court finds no need to consider Defendants' declaration in ruling on the motion for preliminary injunctive relief, and thus no need to address this argument.

1  likelihood of success on or serious questions going to the merits.[2]

2       As an initial matter, and as Defendants observe, Plaintiff admits that significant portions

3  of the video evidence he reviewed do not support his allegations in this lawsuit.  *See* Dkt. 13,

4  ¶¶10-14 ("The beginning of the footage I reviewed began exactly as I said it would[.] . . .  The

5  footage from that point has been altered using 'deep fake' software and/or video editing

6  software.").  He contends, for example, that the footage has been altered to remove portions of

7  the video showing "me not resisting or struggling", and "Defendant Woodward forcing K-9

8  Rudy to attack me while other officers held me[.]"  *Id.*, ¶¶12-13.

9       Plaintiff does not, moreover, identify support for his allegation of evidence tampering.

10  Instead, Plaintiff merely asserts that the evidence has been altered by unknown persons, and that

11  he will be able to prove this assertion through "professional examination" of various factors.

12  *See, e.g., id.*, ¶¶12-19.  Plaintiff's unsupported, conclusory assertions do not satisfy the threshold

13  inquiry necessary to allow the Court to grant the extraordinary relief requested.  *See generally*

14  *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of

15  success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold

16  inquiry, the court need not consider the other factors in the absence of serious questions going to

17  the merits.")  (cleaned up and internal citations omitted).

18       Plaintiff also fails to demonstrate a likelihood he will suffer irreparable harm in the

19  absence of the preliminary relief.  "At a minimum, a plaintiff seeking preliminary injunctive

20  relief must demonstrate that it will be exposed to irreparable harm."  *Caribbean Marine Servs.*

21  *Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  "Speculative injury does not constitute

22

23      [2] It should also be noted that, given the greater showing required, courts have declined to apply the alternative, "serious questions" preliminary injunctive relief standard to cases involving mandatory injunctions.  *See, e.g.*, *Maney v. Brown*, 516 F. Supp. 3d 1161, 1172 n.8 (D. Or. 2021); *P.P. v. Compton Unified Sch. Dist.*, 135 F. Supp. 3d 1126, 1135 (C.D. Cal. 2015).

REPORT AND RECOMMENDATION - 5

1   irreparable injury sufficient to warrant granting preliminary relief.  A plaintiff must do more than

2   merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate*

3   immediate threatened injury as a prerequisite to preliminary injunctive relief."  *Id*. (internal and

4   other citations omitted).

5          Plaintiff here asserts that the alleged evidence tampering is likely to continue without the

6   Court's intervention, that he lacks the means to prove the tampering occurred or to hire an

7   attorney, and that he fears for his life and safety.  *See* Dkts. 12-13.  Again, however, Plaintiff

8   fails to identify support for his allegation of evidence tampering, and relies on his mere assertion

9   the tampering occurred.  He likewise explains his fear as based on his contention of evidence

10  tampering.  Dkt. 13, ¶17 ("Since the moment I viewed the clearly edited video footage I have

11  been in fear for my life and safety:  If officers are willing to tamper with evidence to cover their

12  criminal assaults, what will they do to me, or have done to me, while I am in custody?").

13         It further remains that Defendants have an existing obligation to preserve evidence.  *See*

14  *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal.

15  2015) ("A party must preserve evidence it knows or should know is relevant to a claim or

16  defense of any party, or that may lead to the discovery of relevant evidence.").  Should

17  Defendants violate that duty, the Court has the power to impose sanctions.  *See* Fed. R. Civ. P.

18  37.  Plaintiff may also seek documentation and other relevant information through discovery.

19  *See* Fed. R. Civ. P. 33 & 34.  He does not, under these circumstances, demonstrate he will be

20  harmed in the absence of an order granting the preliminary injunctive relief requested.

21         Nor does Plaintiff otherwise demonstrate his entitlement to a preliminary injunction.

22  Satisfaction of the mandatory injunctive relief requested would impose significant burdens of

23  time and expense on the public entity and officers named in this lawsuit, and is not necessary in

light of Defendants' existing obligation to preserve evidence and Plaintiff's ability to secure documents and other relevant information through discovery. The balance of equities therefore do not tip in Plaintiff's favor, and an award of the relief requested would not serve the public interest.

CONCLUSION

The Court, in sum, concludes that Plaintiff fails to demonstrate his entitlement to preliminary injunctive relief. The Court therefore recommends Plaintiff's Motion for Injunction, Dkt. 12, be DENIED. A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 4, 2025**.

Dated this 14th day of May, 2025.


_S. Kate Vaughan_

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7