UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ARTHUR KIRKHAM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BELLINGHAM, et al.,<br><br>　　　　　　Defendants. | Case No. C24-1625-DGE-SKV<br><br>ORDER RE: MOTIONS FOR ORDER OF INDIGENCY, APPOINTMENT OF COUNSEL, AND APPOINTMENT OF NEUTRAL EXPERT |

Plaintiff proceeds pro se in this 42 U.S.C. § 1983 civil rights action. Now pending before the Court is Plaintiff's Motion for Order of Indigency and Appointment of Counsel, Dkt. 47, and Motion for Appointment of Neutral Expert Under Federal Rule of Evidence 706, Dkt. 46.

Plaintiff raises claims relating to events leading up to and occurring on the date of his September 2023 arrest by officers of the Bellingham Police Department. *See* Dkt. 38. He asserts, as central to his claims and relevant to the pending motions, that Defendants engaged in a conspiracy to intentionally assault him and then alter the footage of body-worn cameras (BWC) using artificial intelligence (AI) to create "deepfake" video footage to conceal their misconduct and avoid accountability. *See* Dkts. 46-48. He asserts that the BWCs at issue are employed by virtually all law enforcement in the United States and are uploaded to Evidence.com for shared use in law enforcement, judicial, and disciplinary proceedings. *See id.*

Defendants deny Plaintiff's allegations of a conspiracy and evidence tampering and otherwise oppose his motions. Dkt. 61. The Court, having considered the motions, opposition, and Plaintiff's reply, Dkt. 57, now finds as follows:

(1)    There is no right to have counsel appointed in a civil case, including cases brought under § 1983. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The appointment of counsel in a civil case "is a privilege and not a right." *Garden v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). Although the Court may, under 28 U.S.C. § 1915(e)(1), request counsel to represent a party proceeding *in forma pauperis* (IFP), it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).[1] A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. *See also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (the decision to appoint counsel under § 1915 "is within the sound discretion of the trial court and is granted only in exceptional circumstances.") (citation omitted).

The Court denied Plaintiff's request for the appointment of counsel on two prior occasions, noting he was not proceeding IFP and finding a failure to demonstrate exceptional circumstances. Dkts. 8 & 15. The Court also denied a prior request for an order of indigency

---

[1] It should be noted that the applicable statute does not authorize the Court to force a lawyer to take a case, and that the Court does not have staff attorneys standing by to represent pro se litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e)(1); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.") Also, while the Court has adopted a plan for recruiting counsel to represent indigent litigants in civil rights actions pro bono, *see* W.D. Wash. General Order 07-23, that process is undertaken only upon a finding of exceptional circumstances.

ORDER RE:  MOTIONS FOR ORDER OF
INDIGENCY, APPOINTMENT OF COUNSEL,
AND APPOINTMENT OF NEUTRAL EXPERT - 2

due to Plaintiff's insufficient showing, and directed the Clerk to send Plaintiff a copy of the Court's IFP application.  Dkt. 15.

In the motion now pending before the Court, Plaintiff asserts that he did not receive a copy of this Court's IFP application, denies that IFP status is a prerequisite to the appointment of counsel, and attests to his indigency, asserting by declaration that he has had no income for close to two years and has no assets or other sources of money that would allow him to afford counsel. *See* Dkt. 47 & Dkt. 47-1.  Plaintiff also asserts his inability to represent himself pro se, pointing to, for example, his lack of education, indigency, and the fact that he is subject to phone restrictions.  He describes his dogged pursuit of counsel to assist him in these proceedings, asserts his inability to further articulate and advance his claims given their legal and factual complexity, and observes that the appointment of counsel would provide for more efficient and effective proceedings.  In asserting a likelihood of success on the merits, Plaintiff points to the consistency of his contentions regarding the alleged evidence tampering, the evidence he submitted with his pleading, and the fact that he has sworn that his claims are true under the penalty of perjury.  He also asserts extraordinary circumstances warranting the appointment of counsel given that his pleadings "allege facts and raise issues that no court in America has ever seen[,]" that "there has never been an assertion in our courts, plausible or otherwise, that Police used AI to create deepfake footage then exploited technology vulnerabilities to replace video evidence which showed them criminally assaulting a citizen[,]" and that "[t]here has never been a case of greater national importance filed by a pro se litigant."  Dkt. 47 at 8.

The Court finds no change in circumstances since the prior denials of Plaintiff's requests for appointment of counsel.  That is, even assuming the information submitted with the current

ORDER RE:  MOTIONS FOR ORDER OF
INDIGENCY, APPOINTMENT OF COUNSEL,
AND APPOINTMENT OF NEUTRAL EXPERT - 3

motion would suffice to allow for a finding of indigency,[2] Plaintiff fails to demonstrate either a likelihood of success on the merits or an inability to articulate his claims pro se.

First, neither the consistency of Plaintiff's allegations, nor his fervent belief in their truth and importance suffices to show a likelihood of success on the merits. *See, e.g., Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that, where plaintiff offered "no evidence other than his own assertions to support his claims[,]" he failed to satisfy the first *Wilborn* factor). The reference to materials attached to his pleading, *see* Dkt. 38, Ex. 1, is likewise insufficient. In fact, Defendants rely on those same materials to support their pending Motion to Dismiss. *See* Dkt. 49.

Second, Plaintiff does not show an inability to articulate his claims pro se. To the contrary, Plaintiff's numerous filings reflect both a solid grasp of basic litigation procedures and a notable ability to clearly and effectively present his arguments. *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second *Wilborn* factor was not satisfied where Plaintiff "was well-organized, made clear points, and presented evidence effectively"). Further, Plaintiff's incarceration and any associated restrictions and limitations, his indigency, and his lack of legal training are not exceptional; they are, instead, the type of difficulties encountered by many pro se litigants. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Moreover, those difficulties, including any phone restrictions, have not stopped Plaintiff from

---

[2] As the Court previously advised, a litigant seeking to proceed IFP must file an affidavit that includes a statement of assets and that the person is unable to pay fees. 28 U.S.C. § 1915(a)(1). Pursuant to Local Civil Rule (LCR) 3(c), a party seeking to proceed IFP under 28 U.S.C. § 1915 shall complete the IFP application "approved for use in this district for the specific type of case" and a written consent for payment of costs form. LCR 3(c)(1)-(2). The declaration submitted by Plaintiff in support of his current motion, *see* Dkt. 17-1, does not satisfy LCR 3(c). Also, while Plaintiff asserts that he did not receive a copy of an IFP application with the Court's February 2025 Order, there is no indication he requested a copy of the application before filing his third motion for the appointment of counsel in August 2025. The Court, in any event and for the reasons discussed above, finds no basis for appointing counsel and therefore no need to further address his related request for an order finding him indigent.

ORDER RE: MOTIONS FOR ORDER OF
INDIGENCY, APPOINTMENT OF COUNSEL,
AND APPOINTMENT OF NEUTRAL EXPERT - 4

actively pursuing resolution of his claims.  He attests, for example, that he has written to some fifty law firms and nongovernmental agencies, spoken with several attorneys/firms, diligently pursued other forms of resolution through emails, complaints, and tort claims, secured financial and other assistance with this litigation from a friend, and spent months studying and researching legal and technological issues relevant to his claims.  *See* Dkt. 47 & Dkt. 47-1.  *See also* Dkt. 46 (providing a "primer on relevant complex and technological issues" with discussion of and citations to case law, law review articles, and other sources).

Plaintiff does not, in sum, demonstrate exceptional circumstances warranting the appointment of counsel.  The motion seeking the appointment of counsel and related request for an order of indigency, Dkt. 47, is therefore DENIED.

(2)   The Court may appoint an expert under Federal Rule of Evidence 706.  *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). "The determination to appoint an expert rests solely in the court's discretion and turns upon the complexity of the matters to be determined and the need for neutral expert review."  *Turner v. Ralkey*, No. C20-5472-BHS-DWC, 2021 WL 135855 at *2 (W.D. Wash. Jan. 13, 2021) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)).  Such an appointment may, for example, be appropriate where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue[.]"  *Slack v. Kariko*, No. C20-05508-RSM-SKV, 2022 WL 2703990, at *1 (W.D. Wash. July 12, 2022) (internal quotation marks and quoted sources omitted).  However, Rule 706 "does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.'"  *Id*. (quoting *Walker v. Woodford*, No. C05-1705, 2008 WL 793413, at *1 (S.D. Cal., March 24, 2008)).

ORDER RE:  MOTIONS FOR ORDER OF
INDIGENCY, APPOINTMENT OF COUNSEL,
AND APPOINTMENT OF NEUTRAL EXPERT - 5

Plaintiff argues the appointment of a neutral expert is warranted because: (1) the authenticity of the BWC footage cannot be determined without a forensic examination, and the expert will therefore assist the trier of fact and promote accurate fact finding; (2) his sworn complaint attesting that the footage was altered and Defendants' denial of the same is evidence of a serious dispute than can be resolved through expert testimony; (3) his phone restrictions prevent resolution of this issue without a neutral expert; (4) the seriousness of his claims and their implications are circumstances entitling him to special consideration; and (5) the appointment of a neutral expert favors both parties by allowing for resolution of the dispute. *See* Dkt. 46 at 4-8 (citing, *inter alia*, *Williams v. Lawson*, No. C21-5536-MJP, 2023 WL 8545277, at *1-2 (W.D. Wash. Dec. 11, 2023) (describing factors relevant to the assessment of a request of a neutral expert and addressed in Plaintiff's motion); *Slack*, 2022 WL 2703990, at *1-2).

The Court notes, as an initial matter, a lack of clarity as to the complexity of the issues in this case. Plaintiff rests his assertion of complexity on his allegations of evidence tampering. However, as reflected in the discussion above, Plaintiff lacks any evidence other than his own assertions that evidence tampering has occurred. Rule 706 does not provide for the appointment of an expert to assist Plaintiff in developing or proving those assertions. *See, e.g., Wilkins v. Barber*, 562 F. Supp. 3d 943, 946 (E.D. Cal. 2021) ("Courts do not invoke Rule 706 simply to 'appoint an expert on behalf of an indigent civil party.'") (quoted source omitted).

Plaintiff's motion is also premature. "Ultimately, the most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011) (citation omitted). The Court cannot answer that question at this juncture. This matter is proceeding at a very early stage of litigation. The Court recently struck all pretrial deadlines

pending resolution of Defendants' motion to dismiss. *See* Dkt. 52. As Defendants observe, resolution of that motion will not involve consideration of video footage and could obviate the need for further proceedings.

The Court, in sum, finds Plaintiff's request for the appointment of a neutral expert premature and otherwise unwarranted. The motion for an appointment of a neutral expert under Rule 706, Dkt. 46, is therefore DENIED.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable David G. Estudillo.

Dated this 9th day of October, 2025.

S. KATE VAUGHAN
United States Magistrate Judge