UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD ARTHUR KIRKHAM,

Plaintiff,

v.

CITY OF BELLINGHAM, et al.,

Defendants.

Case No. C24-1625-DGE-SKV

REPORT AND RECOMMENDATION

Richard Arthur Kirkham ("Plaintiff") proceeds pro se in this civil rights action brought under 42 U.S.C. § 1983 and § 1985.  Plaintiff is currently incarcerated at the Whatcom County Jail Work Center and brings claims relating to events leading up to and occurring on the date of his September 2023 arrest by officers of the Bellingham Police Department ("BPD").  *See* Dkt. 38.  Whatcom County Deputy Prosecutor Kellen Kooistra now moves to dismiss Plaintiff's

///

///

///

///

REPORT AND RECOMMENDATION - 1

claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  *See* Dkt. 64.  Plaintiff did not file a response.[2]

The undersigned, having now considered the motion and the materials properly considered in relation to the motion, recommends that it be GRANTED and that Plaintiff's claims against Kooistra be DISMISSED without prejudice.

BACKGROUND

The undersigned previously analyzed, at length, Plaintiff's claims and allegations.  *See* Dkt. 67.  It now supplements that analysis by highlighting allegations made against Kooistra specifically.

First, Plaintiff alleges that Kooistra was an active part of a July 20, 2023, email chain appended to his Amended Complaint.  *See* Dkt. 38 at 9 (citing Exhibits B3–B6).  In that email chain, participants discuss how to respond to Plaintiff entering a restricted zone while on GPS monitoring.  *See* Dkt. 38-1 at 23–26 (Exhibits B3–B6).  Plaintiff concedes that he "accidentally drove within a restricted zone" during the incident at issue.  Dkt. 38 at 9.  One participant notes that Plaintiff was due in court that same day, and that Eric Richey, Prosecuting Attorney for Whatcom County, thought it best to deal with the infraction when Plaintiff arrived instead of

---

[1] Defendants City of Bellingham, Rebecca Mertzig, Donald Almer, Jeremy Harper, Shaun Nelson, Luke Haas, Jeremy Woodward, Kaige Edgar, Nicolas Sturlaugson, Steven Longbottom, Dhillon Jobandeep, Avery Lyons, Kevin Bean, David Johnson, Michael Shannon, and Lisa Aspessi (collectively "City Defendants") moved separately to dismiss Plaintiff's claims.  *See* Dkt. 49.  The undersigned issued a Report and Recommendation on their motion, which remains pending before the District Judge.  *See* Dkt. 67.

[2] A copy of Kooistra's motion was mailed to Plaintiff on November 14, 2025.  *See* Dkt. 64 at 15 (Declaration of Service).  In his Objections to the undersigned's Report and Recommendation on the City Defendants' motion, Plaintiff indicated that he had not been made aware of Kooistra's motion until he received the Report and Recommendation.  *See* Dkt. 68 at 14.  He expressed intent to respond, asked the Court to delay ruling on Kooistra's motion until he had a "fair opportunity" to do so, and stated that he had contacted Kooistra's attorney to request service.  *Id.*  Over a month has since passed.  Plaintiff has not filed an opposition, moved for an extension of time to respond by a date certain, or reported further issues obtaining a copy of Kooistra's motion.  Having afforded Plaintiff ample opportunity to file a response or seek relief from deadlines, the undersigned now addresses Kooistra's motion.

REPORT AND RECOMMENDATION - 2

dispatching SWAT to arrest him. *See* Dkt. 38-1 at 24 (Exhibit B-4); Dkt. 38 at 9 (citing Exhibit B4). After some back and forth, Kooistra responds that Defendant Luke Haas, a BPD Corporal, would ensure Whatcom County Jail was aware there was probable cause to arrest Plaintiff for the new GPS violation. *See* Dkt. 38-1 at 23 (Exhibit B-3); Dkt. 38 at 10 (citing Exhibits B3-B6). Plaintiff alleges that message indicates Kooistra and Haas discussed ways to keep Plaintiff incarcerated. *See* Dkt. 38 at 10 (citing Exhibits B3–B6).

Next, Plaintiff alleges that Kooistra conspired with Defendant Lisa Aspessi, a BPD Detective, to obtain a rush warrant and deploy SWAT for Plaintiff's September 28, 2023, arrest. *See id.* at 11. Plaintiff avers that Kooistra and Aspessi did not consult Richey because they knew he would not approve of a SWAT deployment. *See id.* (citing Exhibit B-9). While Plaintiff concedes probable cause existed for his arrest, Dkt. 9 at 3, he contends that Kooistra knew Aspessi sought the rush warrant to unreasonably deploy SWAT against Plaintiff. *See id.* at 12. For support, Plaintiff includes a screenshot of two text messages allegedly exchanged by Aspessi and Kooistra. *See* Dkt. 38 at 11 (citing Exhibit B-9). In those messages, Aspessi informs Kooistra that she has "PC for Kirkham," that SWAT is watching his vehicle, and that she wants to obtain an arrest warrant "asap." Dkt. 38-1 at 29 (Exhibit B-9). She asks Kooistra if he is "able to charge that" or if she should ask someone else. *Id.* Kooistra confirms he will "charge it." *Id.*

Finally, Plaintiff alleges that Kooistra conspired with BPD not to charge Plaintiff with resisting his September 28, 2023, arrest to prevent BPD officers' allegedly altered bodycam footage from being scrutinized by his attorneys. *See* Dkt. 38 at 24.

REPORT AND RECOMMENDATION - 3

For this conduct, Plaintiff purports to bring 42 U.S.C. § 1983 and § 1985 claims against Kooistra for violations of his Fourth Amendment rights.[3] *See id.* at 28.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires plaintiffs to set out "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Defendants may move to dismiss claims pursuant to Rule 12(b)(6) on grounds that the complaint falls short of Rule 8's pleading standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Likewise, factual allegations "that are 'merely consistent with' a defendant's liability[] . . . 'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On a Rule 12(b)(6) motion, the Court's "review is limited to the complaint, materials incorporated by reference into the complaint, and matters of which . . . [the Court] may take

---

[3] Kooistra also moves to dismiss a putative claim against him for negligence.  *See* Dkt. 64 at 3.  Plaintiff makes clear that he brings only constitutional and conspiracy claims against Kooistra, *see* Dkt. 38 at 28, while asserting negligence and other state law tort claims against some City Defendants, *see id.* at 29–31.  In view of the precision with which Plaintiff crafted his claims, the Court declines to read a negligence claim against Kooistra into the Amended Complaint.

REPORT AND RECOMMENDATION - 4

judicial notice." *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1071 (9th Cir. 2021) (citing *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020)).  The Court "accept[s] as true all facts alleged in the complaint and construe[s] them in the light most favorable to plaintiff[], the non-moving party." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (third alternation in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017)).  However, the Court need not "accept as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)).

DISCUSSION

Kooistra moves for dismissal for failure to state a claim and asserts absolute and qualified immunity.  *See* Dkt. 64 at 3.  Taking as true all non-conclusory allegations against Kooistra, Plaintiff states neither a § 1983 nor conspiracy claim.  Accordingly, the undersigned recommends that all claims against Kooistra be dismissed.

A.      Section 1983 Claim

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the alleged deprivation.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)).  "The inquiry into causation must be

REPORT AND RECOMMENDATION - 5

individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff alleges no acts by Kooistra that caused the alleged violation of his Fourth Amendment rights.  The Court takes as true Plaintiff's allegations that Kooistra sought a rush warrant requested by law enforcement and notes that a court subsequently issued that warrant. Plaintiff does not challenge that court's probable cause determination or the arrest itself—only the manner in which his arrest was effectuated.  Kooistra's procurement of an arrest warrant supported by probable cause comported with Plaintiff's Fourth Amendment rights and was not a cause of the alleged violations during execution.

Plaintiff's theories as to Kooistra's knowledge or motive when obtaining that warrant do not supply the requisite causal link.  Allegations that Kooistra knew Aspessi sought the warrant to unreasonably deploy SWAT and that he bypassed the county's top prosecutor to further a conspiracy to arrest Plaintiff using excessive force are wholly conclusory.  Because the constitutional violation Plaintiff alleges does not turn on procurement of the arrest warrant but rather the manner in which it was executed, and as Plaintiff advances only conclusory allegations connecting Kooistra to that violation, Plaintiff has not stated a plausible § 1983 claim.

B.     Conspiracy Claim

Consistent with the prior Report and Recommendation, the Court construes Plaintiff's § 1985 claim against Kooistra as a Washington civil conspiracy claim.  *See* Dkt. 67 at 15–16.  To state a claim for civil conspiracy, a plaintiff must demonstrate that "(1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the

REPORT AND RECOMMENDATION - 6

conspiracy." *All Star Gas, Inc., of Washington v. Bechard*, 100 Wash. App. 732, 740 (2000) (citing *Wilson v. State,* 84 Wash. App. 332, 350–51 (1996)).  Plaintiff's "[m]ere suspicion . . . is insufficient to prove a conspiracy." *Id.* (quoting *Wilson,* 84 Wash. App. at 351).  Likewise, "facts and circumstances relied upon to establish a conspiracy [that] are as consistent with a lawful or honest purpose as with an unlawful undertaking[]" do not suffice.  *Id.* (quoting *Lewis Pacific Dairymen's Ass'n v. Turner,* 50 Wash.2d 762, 772 (1957)).

Kooistra's alleged participation in an email chain discussing a GPS monitoring violation conceded by Plaintiff, procurement of an arrest warrant supported by probable cause, and decision to not charge Plaintiff with resisting his September 28, 2023, arrest are all facts consistent with lawful performance of prosecutorial duties.  Plaintiff's suspicion that Kooistra took those lawful actions to advance a conspiracy against him is bald conjecture and inadequate to support a conspiracy claim.

Because Plaintiff has not alleged any plausible claims against Kooistra, the Court need not consider whether Kooistra would be entitled to absolute or qualified immunity.

CONCLUSION

For the foregoing reasons, Plaintiff has not plausibly alleged § 1983 or conspiracy claims against Kooistra, and the undersigned recommends all claims against Kooistra be DISMISSED without prejudice.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 7

motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 4, 2026**.

Dated this 14th day of January, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8